IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § CASE NUMBER 6:12-CR-00070-03-RC |
| v. | § |
| | § |
| | § |
| JILLIAN PADDIE | § |
| | § |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On March 7, 2018, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jillian Paddie. The government was represented by Nathaniel Kummerfeld, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Use Five or More False Identification Documents and Unlawfully Possess and Use a Means of Identification, a Class C felony. The offense carried maximum imprisonment terms of 15 years. The United Sentencing Guideline range, based on a total offense level of 12 and a criminal history category of VI, was 30 to 37 months. On October 10, 2013, District Judge Michael H. Schneider sentenced Defendant to 30 months imprisonment and a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include paying a financial penalty, financial disclosure, no new credit charges or additional lines of credit, no gambling, and substance abuse treatment and testing. On December 28, 2015, Defendant completed her period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to participate in a program of testing and treatment for drug abuse, under the guidance and direction of U.S. Probation office, until such time as the defendant is released from the program by the probation officer. In its petition, the government alleges that Defendant violated her conditions of supervised release when she failed to report for a scheduled drug test on May 6, 2016; October 24, 2016; and May 5, 2017, a Grade C violation.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release when she failed to report for a scheduled drug test on May 6, 2016; October 24, 2016; and May 5, 2017, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.3(a)(2). Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. Considering Defendants criminal history category of VI, the guideline imprisonment range is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the condition of supervised release referenced above by committing the acts as alleged in the government's petition. In exchange, the government agreed to recommend to the Court a sentence of 14 months with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Jillian Paddie be committed to the custody of the Bureau of Prisons for a term of imprisonment of 14 months with no supervised release to follow. The Court **FURTHER RECOMMENDS** that the place of confinement be Bryan, Texas, if available, in order to

facilitate family visitation and substance abuse treatment.  The Court **FURTHER**

**RECOMMENDS** substance abuse treatment.

        **So ORDERED and SIGNED this 7th day of March, 2018.**

                                         JOHN D. LOVE
                                UNITED STATES MAGISTRATE JUDGE